UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

RIGOBERTO FELIPE MONIER,       :
                               :
        Plaintiff              :       CIVIL NO. 4:CV-05-1497
                               :
    v.                         :
                               :
                               :       (Judge Conaboy)
HARRELL WATTS, ET AL.,         :
                               :       FILED
                               :       SCRANTON
        Defendants             :
                               :       AUG 1 8 2005

                                       MARY E. D'ANDREA, CLERK
                                       Per_____
                **MEMORANDUM AND ORDER**           DEPUTY CLERK
                      **Background**

Rigoberto Felipe Monier, an inmate presently confined at the Schuylkill Federal Correctional Institution, Minersville, Pennsylvania ("FCI-Schuylkill"), filed this pro se civil rights action. Along with his complaint, Monier has submitted an application requesting leave to proceed in forma pauperis.[1] For the reasons outlined below, Plaintiff's request for restoration of good time credits will be dismissed without prejudice and the remainder of his action will be transferred to the United States District Court for the Northern District of Ohio.

---

[1] Monier completed this Court's form application to proceed in forma pauperis and authorization to have funds deducted from his prison account. The Court then issued an Administrative Order directing the Warden of FCI-Schuylkill to commence deducting the full filing fee from Plaintiff's prison trust fund account.

Named as Defendants are National Inmate Appeals Administrator Harrell Watts and Regional Director D. Scott Dodrill of the Federal Bureau of Prisons ("BOP"). The Plaintiff is also proceeding against the following officials at his prior place of incarceration, the Federal Correctional Institution, Elkton, Ohio ("FCI-Elkton"): Warden T.R. Sniezek; ex-Warden Mark A. Benzy; Assistant Warden G. D. Robinson; Captain W. Odom; Lieutenant T. Montgomery; Disciplinary Hearing Officer ("DHO") S. Biafore; Case Manager K. King; Unit Manager M. Burns; and Assistant for Administrative Remedies A. Fusco.

Plaintiff states that during June, 2004, he was issued a disciplinary report while confined at FCI-Elkton. Specifically, he was charged with being the author of a threatening note "towards inmate Gimenez." Doc. 1, Attachment, p. 2. An investigation was conducted by Lieutenant Montgomery. He was subsequently found guilty of the charge by DHO Biafore and was sanctioned to a thirty (30) day term of disciplinary segregation, a twenty-seven (27) day loss of good time credit, and was recommended for a disciplinary transfer.

Monier's present complaint initially contends that he was denied due process during his disciplinary proceedings because Lieutenant Montgomery did not retain a handwriting expert and he was denied the opportunity to confront and examine witnesses.

Plaintiff also asserts that the conditions of his confinement while housed in disciplinary and administrative segregation at FCI-Elkton were unconstitutional, Defendants required him to serve an excessive term of administrative segregation from June 28, 2004 to December 19, 2004, and he was subjected to a retaliatory fabrication of his institutional records. His complaint also includes a claim under the Privacy Act. As relief, Plaintiff seeks punitive and compensatory damages, restoration of his good time credits, and expungement of the incident report.

## Discussion

### Restoration of Good Time Credit

It is well-settled that a civil rights complaint may not be employed by a prisoner who seeks to challenge either the fact or duration of his confinement in prison. Preiser v. Rodriguez, 411 U.S. 475 (1973), Telford v. Hepting, 980 F.2d 745, 748 (3d Cir.), cert. denied 510 U.S. 920 (1993). A federal habeas corpus petition is the appropriate remedy "where the deprivation of rights is such that it necessarily impacts the fact or length of detention." Leamer v. Fauver, 288 F.3d 532, 540 (3d Cir. 2002).

Plaintiff's complaint asserts that the alleged improper actions taken by prison officials included the imposition of a forfeiture of good time credits. As partial relief, he seeks restoration of the good time credit. Based on that requested

relief, Monier is in part clearly attacking the length of his ongoing incarceration. Under the standards announced in <u>Preiser</u> and <u>Leamer</u> the only appropriate vehicle by which to obtain restoration of his good time credit is via a properly filed habeas corpus petition. Consequently, the complaint to the extent that it seeks restoration of good time credit will be dismissed without prejudice.

**Venue**

Venue for the Plaintiff's remaining claims is governed by 28 U.S.C. Section 1391(e) which provides in relevant part:

> (e) A civil action in which a defendant is an officer or employee of the United States or any agency thereof acting in his official capacity or under color of legal authority, or an agency of the United States, or the United States, may, except as otherwise provided by law, be brought in any judicial district in which (1) a defendant in the action resides, (2) a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) the plaintiff resides if no real property is involved in the action. Additional persons may be joined as parties to any such action in accordance with the Federal Rules of Civil Procedure and with such other venue requirements as would be applicable if the United States or one of its officers, employees, or agencies were not a party.

The purported acts of constitutional misconduct alleged in the complaint all occurred at FCI-Elkton, which is located within the confines of the United States District Court for the Northern District of Ohio. Defendants are either employed at FCI-Elkton or

by the BOP and there is no indication that any Defendant resides within this district.

There is also no indication that Plaintiff resided within the Middle District of Pennsylvania prior to his incarceration. The complaint indicates that Monier was initially arrested in the Washington D.C. area. See Doc. 1, p.4. In Flanagan v. Shively, 783 F. Supp 922, 935 (M.D. Pa. 1992), aff'd 980 F.2d 722 (3d Cir. 1992), cert. denied, 510 U.S. 829 (1993), this Court agreed that "[a]n inmate does not become a resident of a state merely by virtue of his incarceration there if he was a resident of another state before his incarceration and there is no indication that he intends to relocate to the state of incarceration upon his release." Flanagan added that under Stafford v. Briggs, 444 U.S. 527 (1980), § 1391(e)(3) "does not apply to suits filed against federal government employees for monetary damages" when the individual officeholder may be found personally liable. Id.

In Micklus v. Carlson, 632 F.2d 227, 240-41 (3d Cir. 1980), the Court of Appeals for the Third Circuit similarly recognized that under Stafford, the provisions of § 1391(e) are inapplicable to claims for monetary damages against federal officials. See also Robinson v. Weiss, Civ. A. 99-3964, 2000 WL 231905 *2-3 (E.D. Pa. Feb. 18, 2000)(venue provisions of § 1391(e) do not apply to actions for money damages against federal officials in their personal capacities). The Court of Appeals in Micklus explained that if § 1391(e) could be employed in actions for money damages

5

against federal officials individually, such defendants "solely by reason of their government service" would be placed "in a very different posture in personal damage suits from that of all other persons." Id. at 491.

Monier is seeking in part, an award of compensatory and punitive damages against the Defendants in their individual capacities. Hence, under Stafford and Micklus, it is apparent that venue is improper with respect to each of the named Defendants. When venue is improper, a court may transfer the case to the district court "in which it could have been brought." 28 U.S.C. § 1406(a). Consequently, the remainder of Plaintiff's action will be transferred to the Northern District of Ohio. An appropriate Order will enter.

AND NOW THIS 18TM DAY OF AUGUST, 2005, in accordance with the accompanying Memorandum, IT IS HEREBY ORDERED THAT:

1. Plaintiff's motion to proceed in forma pauperis is construed as a motion to proceed without full prepayment of fees and costs and is granted.

2. Plaintiff's complaint to the extent that it seeks restoration of good time credits is dismissed without prejudice.

3. The Clerk of Court is directed to transfer this action to the United States District Court for the Northern District of Ohio.

4.  The Clerk of Court is directed to close this case.

_____
RICHARD P. CONABOY
United States District Judge